1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAND HAIR LOUNGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MIDVALE INDEMNITY COMPANY, et al., <br><br> Defendants. | Case No. 21-cv-2051-MMA (MDD) <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> [Doc. No. 3] |

On October 2, 2021, Plaintiffs Demand Hair Lounge and Christina Day ("Plaintiffs") initiated a state court action against Midvale Indemnity Company ("Midvale"), Homesite Insurance Company ("Homesite"), Gallagher Bassett Services, Inc. ("GBS" and collectively with Midvale and Homesite, "Defendants"), and Does 1–30. Doc. No. 1.  On December 8, 2021, Defendants filed a notice of removal to this Court on the basis of diversity jurisdiction.  *Id.*  Homesite and GBS (collectively, "Moving Defendants") now move to dismiss the claims against them.[1]  Doc. No. 3.  Plaintiffs filed an opposition, to which Moving Defendants replied.  Doc. Nos. 8, 9.  The Court found the matter suitable for disposition on the papers and without oral argument pursuant to

---

[1] Midvale does not join in the motion to dismiss but instead filed an answer in response to the Complaint.  *See* Doc. No. 1-6.

Civil Local Rule 7.1.d.1.  Doc. No. 11.  For the reasons set forth below, the Court **GRANTS** Moving Defendants' motion to dismiss.

## I. BACKGROUND

On or about January 1, 2019, Plaintiffs' hair salon suffered water damage.  Compl. ¶ 7.  According to the Complaint, Plaintiffs were insured under a policy issued by Midvale during the time the incident occurred (the "Policy").  *Id.* ¶ 4.  Plaintiffs allege that "despite knowing and admitting that the damage . . . rendered [Plaintiffs] unable to conduct business," Defendants, among other things, mishandled the processing of the claim and ultimately "[r]efus[ed] to pay Plaintiffs for the full value of loss of use, extra expense, business interruption, and very expensive fixtures owned by Plaintiffs . . . ."  *Id.* ¶ 9.  On this basis, Plaintiffs allege a claim for bad faith against all Defendants.  *Id.* at 3.[2]  Plaintiffs also bring a second claim against Midvale and Homesite for breach of contract.  *Id.* at 6.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face."  Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

[2] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading.  *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

### III. <u>Discussion</u>

Moving Defendants argue that the Complaint contains only bare legal conclusions, and that Plaintiffs allege no facts pertaining to them to substantiate any liability on their part.  Doc. No. 3 at 7.  Moving Defendants assert that Midvale is the Policy issuer, and that Plaintiffs fail to allege any relationship, contractual or otherwise, against them, as non-issuing entities.  The Court agrees.

In opposition, Plaintiffs argue that "Defendants maintain a unitary structure where claims decisions and bad faith actions are made by Defendant Gallagher Bassett Services, Inc., not the issuing insurer. Also, Homesite Insurance Company was referenced by its agents in communication with Gallagher Bassett as the operative company, and held itself out to the insured as a player on her side."  Doc. No. 8 at 1–2.  In support of their opposition, Plaintiffs offer an email, a letter, and a "Final Report."  *Id.* at 8-2–8-4.  However, neither these documents, nor their contents and what they purportedly evidence, are mentioned in the Complaint or incorporated by reference.  The Court cannot consider new allegations or evidence raised for the first time in opposition to a Rule 12(b)(6) motion to dismiss when ruling on the motion itself.  *Schneider v. Cal.*

*Dep't of Corr. & Rehab.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original); *see also Quezada v. Franklin Madison Grp., LLC*, No. 19cv2153-LAB (DEB), 2020 U.S. Dist. LEXIS 180269, at *4 (S.D. Cal. Sep. 29, 2020) ("New allegations in opposition to a Rule 12(b)(6) motion to dismiss may be considered when deciding whether to grant leave to amend, but are not considered when ruling on the motion itself."). Plaintiffs "unitary enterprise theory" of liability raised for the first time in opposition fails for the same reason.

It is apparent from the face of the Complaint that Plaintiffs fail to plead any factual or legal basis for bringing their claims against Moving Defendants. The only allegation of a contractual relationship supporting Plaintiffs' breach of contract claim is that Midvale issued the Policy. Compl. ¶ 7. Plaintiffs do allege that "Midvale and Homesite, as insurers, and Gallagher Bassett as a third party administrator . . . owed Plaintiffs the duty to reasonably, quickly and fairly adjust Plaintiffs' loss under the implied covenant of good faith and fair dealing contained in every insurance contract . . . ." Compl. ¶ 8. However, Plaintiffs do not explain how Homesite is also the insurer of the Policy, which is currently pleaded as only "issued by Midvale." Compl. ¶ 7. Moreover, as Plaintiffs' cause of action for bad faith arises from the alleged mishandling and wrongful denial of Plaintiffs' claim pursuant to the Policy, Plaintiffs' failure to plead a contractual relationship with Moving Defendants is similarly insufficient as to this claim; Plaintiffs do not factually explain how GBS is a third-party administrator of this Policy and even if so, how any such contractual relationship with Midvale extends to them. Further, Plaintiffs do not plead Moving Defendants' involvement in the claim processing or denial.

Accordingly, the Court **GRANTS** Moving Defendants' motion on this basis. In order to sufficiently plead claims against them, Plaintiffs must identify some factual or legal basis for Moving Defendants' alleged liability—including facts supporting any

reliance on the single enterprise doctrine.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss and **DISMISSES** Plaintiffs' bad faith claim as against Homesite and GBS and Plaintiffs' breach of contract claim as against Homesite with leave to amend.[4]  If Plaintiffs wish to file an amended complaint curing the deficiencies noted herein, they must do so on or before **February 25, 2022**.  Any amended complaint will be the operative pleading as to all defendants, and therefore all defendants must then respond within the time prescribed by Federal Rule of Civil Procedure 15.  Any defendants not named and any claim not re-alleged in the amended complaint will be considered waived.  *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

**IT IS SO ORDERED**.

Dated:  February 2, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Because these allegations are not in the Complaint, the Court will not address the merits of the doctrine's application at this time.

[4] Moving Defendants alternatively ask the Court to find that Plaintiffs' prayer for punitive damages fails. Doc. No. 3 at 11.  The Ninth Circuit has not resolved whether an attack on punitive damages at this stage falls under a motion to dismiss a claim under Rule 12(b)(6) or a motion to strike under Rule 12(f). *See Mora v. City of Chula Vista*, No. 20cv779-GPC(AGS), 2021 U.S. Dist. LEXIS 176651, at *14 (S.D. Cal. Sep. 16, 2021).  However, it appears that Moving Defendants challenge the sufficiency of the allegations supporting the request, and do not seek to strike the prayer as not recoverable as a matter of law.  *See Logue v. Curtis Mgmt. Co.*, No. 19-cv-189-BAS-NLS, 2019 U.S. Dist. LEXIS 88362, at *5 (S.D. Cal. May 24, 2019).  Nonetheless, because the Court finds the allegations insufficient to state any claim against Moving Defendants, their request as to punitive damages is **MOOT**.